IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                     No. 20-CR-267 JP

ERIC BELDING,
    Defendant.

## DEFENDANT ERIC BELDING'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR RELEASE PENDING SENTENCING

  COMES NOW, Defendant Eric Belding, by and through his counsel of record, Erlinda O. Johnson, Esq., and hereby respectfully submits the following reply to the government's response to defendant's emergency motion, pursuant to the provisions of 18 U.S.C. § 3145(c), for release pending sentencing:

  1.  In his emergency motion, Mr. Belding advanced multiple arguments based on information that supports his release pending sentencing and self-surrender should the court authorize release.

  2.  The Government's response does not take into consideration the extreme high risks Mr. Belding faces should he contract COVID-19. As detailed in Mr. Belding's emergency motion, as a cardiac patient, he faces severe complications from COVID-19.

  3.  Indeed, the status as high-risk individual and the current medical crisis that will inevitably put all detainees at risk has been considered by numerous courts throughout the country. As put succinctly by one district court judge, "[b]y now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided." *United States v Garlock*, No. 18-CR-00418-VC-1, 2020 WL 1439980, at *1 (N.D.

Cal. Mar. 25, 2020). Another court specifically based its decision on the fact that release protects not just the defendant, but the community. *See United States v. Jaffee*, No. 19-cr-88 (D.D.C. Mar. 26, 2020) (releasing defendant with criminal history in gun and drug case, citing "palpable" risk of spread in jail and "real" risk of "overburdening the jail's healthcare resources"; "the Court is . . . convinced that incarcerating the defendant while the current COVID-19 crisis continues to expand poses a greater risk to community safety than posed by Defendant's release to home confinement").[1]

4. It is undisputed that Mr. Belding currently suffers from a cardiac condition and in fact was born with a heart defect. This condition places him at a higher risk of complications and even death, should he contract COVID-19.

5. In order to minimize his risk of death, this Court must allow for his release to the third party custody of his father, Dana Belding, with electronic monitoring, home confinement

---

[1] For other decisions taking the pandemic into account in making release decisions, *see, e.g., Xochihua-James v. Barr*, No. 18-71460 (9th Cir. Mar. 23, 2020) (unpublished) (sua sponte releasing detainee from immigration detention "[I]n light of the rapidly escalating public health crisis"); *United States v. Jaffee*, No. 19-cr-88 (D.D.C. Mar. 26, 2020) (releasing defendant with criminal history in gun & drug case, citing "palpable" risk of spread in jail and "real" risk of "overburdening the jail's healthcare resources"; "the Court is . . . convinced that incarcerating the defendant while the current COVID-19 crisis continues to expand poses a greater risk to community safety than posed by Defendant's release to home confinement"); *United States v. Garlock*, 2020 WL 1439980, at *1 (citing "chaos" inside federal prisons in sua sponte extending time to self-surrender); *United States v. Perez*, No. 19 CR. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (releasing defendant due to the "heightened risk of dangerous complications should he contract COVID-19"); *United States v. Stephens*, 2020 WL 1295155, __F. Supp. 3d__ (S.D.N.Y. Mar. 19, 2020) (releasing defendant in light of "the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic"); *In re Manrigue*, 2020 WL 1307109 (N.D. Cal. Mar. 19, 2020) ("The risk that this vulnerable person will contract COVID-19 while in jail is a special circumstance that warrants bail."); *In re Request to Commute or Suspend County Jail Sentences*, Docket No. 084230 (N.J. Mar. 22, 2020) (releasing large class of defendants serving time in county jail "in light of the Public Health Emergency" caused by COVID-19); *see also United States v. Matthaei*, No. 1:19-CV-00243-BLW, 2020 WL 1443227, at *1 (D. Idaho Mar. 16, 2020) (extending self-surrender date by 90 days in light of COVID-19); *United States v. Barkman*, 2020 U.S. Dist. LEXIS 45628 (D. Nev. Mar. 17, 2020) (suspending intermittent confinement because "[t]here is a pandemic that poses a direct risk if Mr. Barkman . . . is admitted to the inmate population of the Wahoe County Detention Facility"); *United States v. Copeland*, No. 2:05-cr-135-DCN (D.S.C. Mar. 24, 2020) (granting compassionate release to defendant in part due to "Congress's desire for courts to release individuals the age defendant is, with the ailments that defendant has during this current pandemic"). Although many of these decisions are based in part on particular health problems of the defendant, the basic principle that the pandemic should affect the balancing of interests is equally applicable here.

and reschedule Eric Belding's sentencing hearing to a date after the pandemic and national health crisis is under control.

6. The Cibola Correctional Center and any Bureau of Prisons facility is not a closed hermetic system: staff shuttle in and out of the facility around the clock. And any individuals – such as staff – can carry the virus for days without showing any symptoms. Regardless of well-intentioned screening efforts, the virus will make its way into the facility, and in fact it is in all likelihood already there. The virus has already found its way into the Santa Fe County Adult Detention Center, a federal and state facility.[2] It is only a matter of time before cases begin surfacing at the Cibola Correctional Center.

7. To sentence Mr. Belding expeditiously and ship him off to the Bureau of Prisons does not address his high risk of complications or even death from COVID-19 should Mr. Belding be infected. The Bureau of Prisons is even more dangerous for Mr. Belding.

8. As of April 14, 2020, 446 federal inmates in Bureau of Prisons (BOP) facilities have tested positive for COVID-19 and 14 have died.[3] To sentence Mr. Belding on April 29, 2020, to a term in the BOP could potentially end up in a death sentence as COVID-19 appears to be rapidly spreading within the BOP. Most alarmingly is that fact that COVID-19 cases at one of the BOP medical facilities have surged dramatically.[4] This reality poses a great risk for Eric Belding as he would likely be designated to a medical facility given his medical condition.

9. The Supreme Court has held that exposure to environmental threats to an incarcerated person´s physical wellbeing, where exposure is preventable, can constitute a

---

[2] https://www.kob.com/albuquerque-news/inmate-tests-positive-for-covid-19-at-santa-fe-adult-correctional-facility/5699788/
[3] https://www.bop.gov/coronavirus/
[4] https://www.newsobserver.com/news/coronavirus/article241801076.html

violation of the Eighth Amendment´s prohibition against cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 28 (1993)

10. In order to safeguard Mr. Belding's life and avoid a violation to his Eighth Amendment rights, he begs the Court to vacate the April 29, 2020, sentencing hearing and authorize his release pending a future sentencing hearing.

Wherefore, for the foregoing reasons and the reasons set forth in Mr. Belding's emergency motion for release, Mr. Belding respectfully moves this Honorable Court for an order vacating the April 29, 2020, sentencing hearing and allowing release pending sentencing.

Respectfully submitted,

Electronically filed 4/14/20
Erlinda O. Johnson
Counsel for Eric Belding
620 Roma Ave. NW
Albuquerque, NM 87102

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2020, I filed the foregoing motion electronically through the CM/ECF system, which caused opposing counsel for the Government to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Electronically filed 4/14/20
Erlinda O. Johnson
Counsel for Mr. Belding